Matter of Murphy (2021 NY Slip Op 07275)





Matter of Murphy


2021 NY Slip Op 07275


Decided on December 22, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2021-02733 

[*1]In the Matter of John Ferdinand Murphy III, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; John Ferdinand Murphy III, respondent. (Attorney Registration No. 2118693)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. By decision and order on motion of this Court dated August 20, 2021, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(2) through (5), based on his admissions under oath and other uncontroverted evidence of professional misconduct immediately threatening the public interest. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 9, 1980.



Catherine A. Sheridan, Acting Chief Counsel, White Plains, NY, for petitioner.



PER CURIAM.


OPINION & ORDER
On April 16, 2021, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and a verified petition, both dated April 15, 2021, and duly filed those papers with this Court together with respondent's acknowledgment of service.
The petition contains 27 charges of professional misconduct alleging that the respondent misappropriated funds received incident to the practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); commingled funds he received incident to his practice of law and entrusted to him as a fiduciary with funds of his own, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to maintain funds belonging to another person incident to his practice of law in a separate, special account, in violation of rule 1.15(b) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to maintain all required bookkeeping records for seven years, in violation of rule 1.15(d)(1)(viii) of the Rules of Professional Conduct (22 NYCRR 1200.0); failed to make withdrawals from a special account to a named payee, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0); engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0); engaged in conduct that is prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were personally served upon the respondent on May 19, 2021, he has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition dated April 15, 2021, are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Ninth Judicial District to deem the charges in the verified petition dated April 15, 2021, established based upon the default of the respondent, John Ferdinand Murphy III, a suspended attorney, is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, John Ferdinand Murphy III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, John Ferdinand Murphy III, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, John Ferdinand Murphy III, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John Ferdinand Murphy III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court